# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES QUINN, | ) |
| Plaintiff, | ) No. 4:15-CV-589 RLW |
| v. | ) |
| DEAN LILLY and SCHNEIDER NATIONAL CARRIERS, INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand (ECF No. 12). This matter is fully briefed and ready for disposition.[1]

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.

---

[1] E.D.Mo. L.R. 4.01(C) provides that "[w]ithin seven (7) days after being served with a memorandum in opposition, the moving party may file a reply memorandum." The time for filing a reply has run and the Court rules on the Motion for Remand based upon the briefing provided.

Supp. 2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir.2009); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "Where ... the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party ... must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minn. Mut. Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Green v. Dial Corp.*, No. 4:11–CV–1635 (AGF), 2011 WL 5335412, at *1 (E.D.Mo. Nov. 4, 2011) (citing *Bell*, 557 F.3d at 956).

## BACKGROUND

On June 2, 2014, Plaintiff Charles Quinn ("Plaintiff") was operating his motor vehicle on Natural Bridge Boulevard at or near the intersection with Goodfellow Boulevard in the City of St. Louis, Missouri. (Petition, ECF No. 5, ¶6). Defendant Dean Lilly ("Lilly") was operating a semi tractor-trailer owned or operated by Defendant Schneider National Carriers, Inc. ("Schneider"). (Petition, ¶7). Lilly caused his vehicle to collide into the rear of Plaintiff's vehicle, causing substantial injury and damage to Plaintiff and his vehicle. (Petition, ¶8).

Plaintiff filed this action on February 26, 2015 in case number 15SL-CC-0467, in the Circuit Court of St. Louis City, State of Missouri. Plaintiff's Petition alleges claims for personal injury based upon vehicular negligence against Lilly (Count I) and "agency" against Schneider (Count II). In the prayer for relief on both counts, Plaintiff seeks "an amount which is fair and

reasonable and in excess of $25,000.00, together with his costs expended herein expended and for such other and further relief as is just under the circumstances."

Schneider timely removed this action to this Court on April 8, 2015 based upon diversity jurisdiction. (Notice of Removal, ECF No. 1). It is undisputed that diversity of the parties exists. In the Notice of Removal, Schneider contends that the amount in controversy is in excess of $75,000 because "Plaintiff is seeking damages for (1) past and future medical bills; (2) past, ongoing, and permanent pain and suffering; (3) serious and significant disability and disfigurement; (4) substantial lost wages; and (5) property damage to not only his vehicle but also its accessories and appurtenances." (Notice of Removal, ¶21). Based upon these damages, Schneider argues that a "jury *could* award more than $75,000, the amount-in-controversy threshold." (Notice of Removal, ¶22) (emphasis in original) (citing *Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (denying motion to remand where plaintiff had soft tissue damage and alleged permanent and disabling injuries and lost ability to work).

On July 8, 2014, Plaintiff filed this Motion for Remand. (ECF No. 7). Plaintiff argues that it is clear that damages in this case will not exceed $75,000. (ECF No. 12, ¶11).

## DISCUSSION

Because the Petition does not allege a specific amount of damages, Schneider must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 for removal to be proper. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d at 834; *Clark v. Buske Lines, Inc.*, 4:05CV2186 TCM, 2006 WL 51195, at 2 (E.D. Mo. Jan. 10, 2006). In the Motion for Remand, Plaintiff claims that Schneider has not met the jurisdictional threshold of establishing that the amount in controversy exceeds $75,000. (ECF No. 12 at 3). *See Gramc v. Millar Elevator Co./Schindler Enterprises*, 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998) (petition

that contained allegations of a "litany of injuries" but only evidence of medical bills of $7,500.00 did not satisfy the jurisdictional amount). In his Petition, Plaintiff alleges his damages only to be in excess of $25,000.00. Plaintiff's counsel's affidavit states that Plaintiff's medical and chiropractic bills do not exceed $17,500.00 and that his lost wages do not exceed $3,000.00. Further, the affidavit provides that Plaintiff will not seek damages in excess of $75,000.00.

In its Memorandum in Opposition to Plaintiff Charles Quinn's Motion to Remand ("Opposition"; ECF No. 16), Schneider claims that a fact finder "*could*" award Plaintiff damages greater than the requisite jurisdictional amount even if Plaintiff's medical bills and lost wages totaled only approximately $20,000. (Opposition at 3). Schneider claims that a St. Louis City jury could award in excess of $75,000 "by issuing an award of only four times those damages, which his hardly the 45 times the medical bills" as was noted in *Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002). (Opposition at 2-3). Schneider also asserts that Plaintiff's counsel's post-removal stipulation that Plaintiff "will not seek damages in this cause for any amount exceeding $75,000" does not require remand because a jury still "could award more than $75,000." (Opposition at 3-4); *see Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are[.]"); *Quinn*, 228 F. Supp. 2d at 1040-41 (denying the plaintiff's motion to remand where the court found that "a jury *could* award the requisite jurisdictional amount, given that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries; that their ability to work, labor, and enjoy life has been and will be impaired; and that Quinn lost wages"). Schneider emphasizes that Plaintiff "should have resorted to 'the expedient of suing for less than the jurisdictional amount'" if he wished to try his

case in state court. (Opposition at 4 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 at 294 (1938)).

Given the burden on the removing party to establish the jurisdictional amount, the Court finds that Schneider has failed to establish by a preponderance of the evidence (and that a reasonable fact finder could not legally conclude) that the amount in controversy as to Plaintiff's claim meets the jurisdictional amount. *See Clark*, 2006 WL 51195, at *2 (remanding for failure to meet the jurisdictional amount where plaintiff's medical bills were $8,297.70, plaintiff had lost wages, and a loss of consortium claim). The Court also finds that Plaintiff's failure to stipulate to damages less than $75,000 likewise does not "establish the requisite amount in controversy." *Gramc*, 3 F. Supp. 2d at 1084. The Court finds that Plaintiff's limited factual allegations of medical bills in the amount of around $20,000.00, plus the routine allegations that his injuries would affect his future ability to work and enjoy life, do not satisfy the jurisdictional amount by the preponderance of the evidence. The Court notes that Plaintiff's damages would have to reach almost four (4) times the current medical damages to reach the requisite jurisdictional amount for removal to be proper. Considering that "[a]ll doubts about federal jurisdiction must be resolved in favor of remand," the Court remands this action to the Circuit Court of St. Louis City, Missouri. *Harris v. TransAmerica Life Ins. Co.*, 4:14-CV-186 CEJ, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014) (quoting *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d at 183).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 12) is **GRANTED**. This matter shall be remanded to the Twenty-Second Circuit in City of St. Louis, Missouri for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's Request for a Hearing Motion (ECF No. 17) is **DENIED** as moot.

Dated this 10th day of June, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**